# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN PARNELL, | Civil Action No. 2: 16-cv-1761 |
| Plaintiff, | |
| v. | United States Magistrate Judge Cynthia Reed Eddy |
| JOHN WETZEL, | |
| Defendant. | |

## MEMORANDUM OPINION[1]

Presently before the Court is the Motion to Dismiss For Failure to State A Claim (ECF No. 3), with brief in support thereof (ECF No. 4) filed by Defendant John Wetzel. Plaintiff, Brian Parnell, filed a response in opposition (ECF No. 12) and a brief in support of his response (ECF No. 13). The matter is ripe for resolution.

## Background

Plaintiff, Brian Parnell ("Plaintiff" or "Parnell") is a *pro se* inmate currently housed at the SCI-Greene. He commenced this case by filing a Civil Complaint in the Court of Common Pleas of Greene County on or about September 14, 2016. The Complaint was mailed certified mail to defendant and service was effectuated on November 4, 2016. Defendant then timely removed the case to this Court.

Distilled to its essence, the Complaint alleges that Plaintiff is being held illegally and in a condition of involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution and two Pennsylvania criminal statutes, 18 Pa.C.S. § 2902 and 2903,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. See ECF Nos. 11 and 17.

1

because the Department of Corrections ("DOC") is not in possession of a Judgment of Sentencing Order and/or such document was never generated. Plaintiff seeks $15,000,000.00, plus an additional $1,000,000.00 for every additional year as of the date of the filing of his Complaint that he is held unlawfully.

**Standard of Review**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* -- U.S. --, 131 S. Ct. 1861 (2012) (*citing In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing

*Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id*. at 130 (*quoting Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (*quoting Iqbal,* 556 U.S. at 679). Third, "'where there are well- pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (*quoting Iqbal*, 556 U.S. at 679).

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

**Discussion**

As noted, *supra,* Plaintiff challenges his confinement arguing that a written Sentencing Order does not exist rendering his confinement illegal as a matter of law. He claims that he learned that the Order was "non-existent" when the Records Supervisor of SCI-Greene signed an Affidavit which stated that "[a]fter a reasonable search, I have determined that the above-mentioned sentencing orders do not exist within my custody, possession or control." Complaint, Exhibit A - Attestation / Affidavit from Rebekah Filitsky (ECF No. 1.)

Notably, though, the docket for his criminal case, CP-15-CR-0004554-2001, reflects that on July 11, 2002, a jury in the Court of Common Pleas of Chester County convicted Plaintiff of Second Degree Murder and Burglary. Further, the docket reflects that he was "Sentenced to Life Imprisonment" on July 15, 2002 by Judge Juan R. Sanchez. (Exh. 1.) Further, the

Department of Corrections has in its possession the authorized court commitment (DC-300B) (Exh. 2), which by itself is sufficient legal justification for Plaintiff's custody,[2] and his Sentencing Sheet certified by the Deputy Clerk of Courts. (Exh. 3.) Under these circumstances, Plaintiff's Thirteenth Amendment claim fails as a matter of law. *Jackson v. Sec'y Pennsylvania Dep't of Corr.*, 598 F. App'x 815, 816 (3d Cir. 2015).

Similarly, Plaintiff's state "intentional tort claims" also fail as a matter of law. He alleges violations of two Pennsylvania <u>criminal</u> statutes, 18 Pa.C.S. § 2902 (unlawful restraint) and 18 Pa.C.S. § 2903 (false imprisonment). These criminal statutes do not create civil causes of action. To the extent that Plaintiff is attempting to sue in tort, and assuming that he could even do so under either or both of these criminal statutes, both statutes would create, if anything, statutory intentional torts for unlawful restraint and false imprisonment, both of which would be intentional torts, and Secretary Wetzel would be entitled to sovereign immunity on such a claim.

Accordingly, the motion to dismiss will be granted and Plaintiff's complaint will be dismissed with prejudice. Further, Plaintiff will not be given an opportunity to amend, as amendment would be futile.

---

[2] *Evans v. Secretary of Pennsylvania Department of Corrections*, 645 F.3d 650 (3d Cir. 2011) (that the commitment sheet was not signed by the sentencing judge did not deprive the document of legal effect); *Dumas v. Arnold*, Civ. No. 1:cv-10-2152, 2011 WL 1790060 (M.D.Pa. May 9, 2011) (commitment form does not require signature of sentencing judge). Moreover, although the current version of 42 Pa.C.S. § 9764(a)(8) requires that a copy of the sentencing order be provided to the DOC upon commitment of an inmate to its custody, it does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy to the DOC. *Travis v. Giroux*, No. 489 C.D. 2013, 2013 WL 6710773 (Pa. Commw. Ct. Dec. 18, 2013).

**Conclusion**

For the reasons stated above, the Motion to Dismiss will be granted and Plaintiff's complaint will be dismissed with prejudice. A separate order follows.


DATED: February 9, 2017

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: BRIAN PARNELL
    FB4235
    175 Progress Dr.
    Waynesburg, PA 15370
    (via U.S. First Class Mail)

    TIMOTHY MAZZOCCA
    Office of Attorney General
    (via ECF electronic notification)